IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JEFFREY J. SPERRY,

                    Plaintiff,

        v.                                CASE NO.16-3222-SAC-DJW

LINDSEY WILDERMUTH, et al.,

                    Defendants.



## MEMORANDUM & ORDER

Plaintiff, a state prisoner appearing pro se, brings this
42 U.S.C. § 1983 civil rights complaint. Plaintiff also filed
an application for leave to proceed in forma pauperis and has
submitted the initial filing fee as directed. The Court grants
leave to proceed in forma pauperis. For the reasons discussed
below, Plaintiff is directed to file an amended complaint.

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by
prisoners seeking relief against a governmental entity or an
officer or employee of such entity to determine whether summary
dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally,
with any litigant, such as Plaintiff, who is proceeding in forma

pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

**Discussion**

Plaintiff is an inmate at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. He has been incarcerated since 1997 and was previously housed at the Lansing Correctional Facility ("LCF") in Lansing, Kansas. Plaintiff was transferred to EDCF on January 22, 2016, as a result of his placement in administrative segregation. He has been held in administrative segregation continuously since October of 2015. Mr. Sperry has studied law throughout his incarceration and has

helped many inmates pursue grievances and legal claims, as well as pursuing numerous grievances and claims of his own.

Plaintiff's complaint includes fourteen (14) counts bringing at least ninety-four (94) claims against twenty-four (24) defendants. The Court finds the complaint is deficient in several regards.

**1. Retaliation**

The main claim Mr. Sperry seems to be making is one he never specifically makes: retaliation. Construing his complaint liberally, he appears to allege his assignment to and continued confinement in administrative segregation (with the resulting hardships inherent in such placement), interference with his access to courts, interference with his mail, and deprivation of his property are all the result of a retaliatory motive on the part of primarily two defendants. Plaintiff claims the retaliation is in response to his actions in pursuing legal claims on his own behalf and on behalf of other inmates.

The Tenth Circuit has found "[i]t is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010)(internal quotation marks omitted), *quoting Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). In *Gee*, the plaintiff had filed grievances against the defendants and a

habeas corpus petition. He alleged he was subsequently transferred to an out-of-state supermax prison in retaliation. The court found Mr. Gee had stated a claim for retaliation because he identified a constitutionally protected activity in which he had engaged, described a responsive action that would chill a person of ordinary firmness from continuing to engage in that activity, and recited facts indicating the action was substantially motivated as a response to his constitutionally protected conduct (that the defendants were aware of his protected activity, that his protected activity complained of the defendants' actions, and that the transfer was in close temporal proximity to the protected activity). *Id.* The Tenth Circuit found this was sufficient for him to proceed beyond the pleading stage. *Id.*

While courts afford prison officials great discretion in the management of prisoners and will typically find their actions valid if they are reasonably related to legitimate penological interests, prison officials do not have the discretion to punish or retaliate against a prisoner for exercising his constitutional rights. Prison officials may not retaliate or harass an inmate under the guise of a pretextual motive. *See Gee*, 627 F.3d at 1188.

Although Plaintiff's complaint must be construed liberally, the Court will not construct legal arguments for a pro se

litigant. *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). If Plaintiff decides to pursue a retaliation claim in an amended complaint, he must adequately allege plausible facts supporting all elements of the claim.

### 2. Improper Joinder of Claims

While several of Plaintiff's fourteen (14) counts relate to his placement and continued confinement in administrative segregation and other allegedly retaliatory actions on the part of some of the defendants, several counts are completely unrelated and are improperly joined.

The Federal Rules of Civil Procedure (FRCP) apply to suits brought by prisoners. FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal

issues." *Zhu v. Countrywide Realty Co., Inc.,* 160 F.Supp.2d 1210, 1225 (D. Kan. 2001) (citation omitted).

Under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

Plaintiff brings fourteen (14) largely unrelated counts against 24 defendants. Following is a summary of Plaintiff's counts:

Count I ("Illegal Administrative Segregation") – Plaintiff essentially alleges he has been illegally placed and held in administrative segregation at both LCF and EDCF.

Count II ("Inhumane Living Conditions") - Plaintiff complains of a cockroach infestation in the unit at LCF where he was initially housed after being placed in administrative segregation.

Count III ("Sleep Deprivation") - Plaintiff complains of conditions at EDCF that interfere with his sleep.

Count IV ("Medical Indifference") - Plaintiff complains of actions of Corizon, Inc. and its employee related to the diagnosis and treatment of hepatitis-C.

Count V ("Censorship") - Plaintiff complains of seizure of mail items at both LCF and EDCF beginning before his placement in administrative segregation, but possibly due to an improper, retaliatory motive.

Count VI ("Access to Law Library") – Plaintiff complains of not having physical access to the law library at EDCF while in administrative segregation.

Count VII ("Property Limits and Legal Property") – Plaintiff complains of the enforcement of property limits at EDCF.

Count VIII ("Stolen, lost or destroyed property") – Plaintiff complains of property lost when he was sent to administrative segregation at LCF.

Count IX – ("Embezzlement of interest on Inmate Account") – This is a general complaint about KDOC policy applicable to all inmates.

Count X – ("Biased Disciplinary Hearings") – Plaintiff complains in general terms about disciplinary hearings.

Count XI – ("Corrupt and Unlawful Grievance System") – This is a generalized complaint about KDOC policy and practices related to grievances.

Count XII – ("Denial of Rights and Privileges") – This appears to be very similar to Count I but is based on violation of a Kansas regulation regarding privileges and rights of prisoners in administrative segregation.

Count XIII – ("Union Supply – Canteen") – Plaintiff complains generally about practices of the company contracted to provide canteen services in Kansas prisons.

Count XIV – ("Brothers in Blue") – Plaintiff complains about the Brothers in Blue organization and its affiliation with KDOC.

Plaintiff has an opportunity to file an amended complaint. In preparing an amended complaint, Plaintiff is advised to carefully assess which claims are properly joined in one action. This assessment necessitates an evaluation of which defendants are properly named, as further discussed in the next section.

It is not for this Court to decide which claims Plaintiff will include in his amended complaint. He is required to adhere to this Order in deciding which claims he will continue to pursue in this case, and then omit any other claims that are not properly joined. Plaintiff is not precluded from litigating any improperly-joined claim; he is simply required to do so in a separate civil action. If Plaintiff does not comply with this Order, the Court will dismiss claims that it finds to be improperly joined.

### 3. Improper Defendants

To be properly named as a defendant in a § 1983 action, a person must personally participate in the alleged violation of constitutional rights. *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). Moreover, denial of grievances, without any connection to the alleged constitutional violation, is not sufficient to establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007).

For a corporation to be held liable under § 1983, it must be acting under color of state law and cannot be held liable under a theory of respondeat superior for the actions of its individual employees. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003). A corporation can be held liable under § 1983 only for unconstitutional policies and practices. *Id.* at 1215.

Plaintiff includes many improper defendants in his complaint. For instance, in his "Claims for Relief" for Count I, Plaintiff names Collette Winklebauer as a defendant but his statement of facts for this count includes no allegations about her. Plaintiff also names Defendants Pryor, Patterson, Hoshaw, Jackson, and Heimgartner, but the only allegations he makes about these defendants involve the denial or failure to respond to grievances. Plaintiff does not allege these defendants were personally involved in assigning him to administrative segregation. As a result, they do not appear to be properly named as defendants in Count I.

This problem is not confined to Count I. Each of Plaintiff's fourteen (14) counts either includes improper defendants or fails to include any defendants at all. For example, in his statement of facts for Count XI, Plaintiff does

not make any specific allegations about any of the named defendants. His allegations only mention "KDOC and its employees" and "Defendants" generally.

In addition, Plaintiff names two corporations as defendants. Plaintiff has not described any unconstitutional policy promulgated by either corporate defendant or explained how such policy was the moving force behind a violation of his civil rights.

Plaintiff is cautioned to follow the guidelines above in naming defendants in his amended complaint.

**4. Standing**

Another problem with Plaintiff's complaint is that he makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of County Comm'rs v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002)(citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x. 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa County Sheriff's Dep't,* 1995 WL 640293 at *1 (10th Cir. 1995) (court is not empowered to decide "generalized grievances concerning prison management").

Plaintiff should keep these principles in mind when drafting his amended complaint. His claims will be considered only to the extent they allege a violation of *his* constitutional rights.

**5. Failure to State a Claim**

In each of his 14 counts, Plaintiff makes at least six (6) claims. For instance, in Count I, Plaintiff claims eight (8) defendants violated his Eighth Amendment rights, his right to due process, his right to equal protection, his First Amendment right to association; as well as claiming Defendants' actions constitute a criminal conspiracy to violate his civil rights and the Kansas torts of outrageous conduct, mistreatment of a

confined person, breach of fiduciary relationship, and negligence. In other counts, Plaintiff makes RICO claims and alleges battery, unlawful monopoly, and violations of Kansas statutes and regulations.

It is patently obvious Plaintiff is employing the shotgun approach, including a long list of claims in hopes that something hits the mark. This approach does not help Plaintiff's credibility or his ability to adequately support any claim.

In his amended complaint, Plaintiff is advised that he would be better served to focus on the most relevant claims so he can ensure that he alleges the facts necessary to support each element of each claim.

**Summary**

Plaintiff is given the opportunity to file an amended complaint that cures the deficiencies discussed above. An amended complaint is not combined with the original complaint but completely supersedes it. *See* FRCP Rule 15. As a result, Plaintiff must present all properly joined claims and supporting factual allegations in his amended complaint.[1] If Plaintiff fails to file an amended complaint that cures all of the

---

[1] The Court directs Plaintiff's attention to D. Kan. Rule 7.1(e), which limits the arguments and authorities section of briefs to 30 pages.

deficiencies within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted thirty (30) days in which to file an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 13th day of June, 2017, at Kansas City, Kansas.



s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**