IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

                **Plaintiff,**

v.                                                  CASE NO.16-3222-SAC

LINDSEY WILDERMUTH, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 civil rights complaint.

### I. Nature of the Matter before the Court

Plaintiff is an inmate at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. He previously resided at the Lansing Correctional Facility ("LCF") in Lansing, Kansas, but was transferred to EDCF as a result of his placement in administrative segregation. Mr. Sperry describes the nature of his case as follows: "In September 2015, prison officials started targeting plaintiff for mistreatment and retaliation. The KDOC has a system established where every member in the administration conspires with every other member to violate the constitutional and civil rights of plaintiff and every other inmate." Doc. #25 at 4. According to Plaintiff, he became a target in part because of his activities as a jailhouse lawyer on behalf of himself and other inmates. After his general description of his case, he proceeds to bring fourteen counts. To summarize, Plaintiff claims: (1) he was illegally placed in administrative

1

segregation for 17 months; (2) he was held for just over two months of his segregation in a cell infested with roaches; (3) he has been systematically prevented from getting an 8-hour period of continuous sleep since January 25, 2016, when he was transferred to segregation at EDCF; (4) he has not received treatment for his Hepatitis-C infection; (5) Defendants have illegally seized two of Plaintiff's books, three periodicals, and one photograph; (6) he was denied access to the law library while he was held in administrative segregation; (7) and (8) some of Plaintiff's personal property, including some of his legal materials, was illegally seized when he was moved to segregation; (9) he has not received interest on his inmate account since January of 2012; (10) none of the 25+ disciplinary hearings he has received while incarcerated have been fair, unbiased, or properly documented; (11) the prison grievance system is meaningless and manipulated by Defendants to automatically deny all relief and to create obstacles between prisoners and judicial review; (12) he was denied all of his rights while housed in administrative segregation; (13) the privatizing of the prison canteen service has resulted in higher prices and inferior products, and the prison canteen began unlawfully charging sales tax in 2015; and (14) the Brothers in Blue program is a religious program illegally promoted and funded by prison officials.

Mr. Sperry names 24 defendants and requests injunctive and declaratory relief, as well as compensatory and punitive damages.

U.S. Magistrate Judge Waxse previously ordered Plaintiff to file an amended complaint due to the improper joinder of claims. *See* Doc. #9. Mr. Sperry filed a motion for reconsideration (Doc. #10), which Judge Waxse denied (Doc. #13). Mr. Sperry then filed an interlocutory appeal of the order denying his motion for reconsideration with the Tenth Circuit

Court of Appeals.  His appeal was dismissed for lack of jurisdiction as a magistrate's order is not directly appealable to the Tenth Circuit.  *See* Doc. #18.

After dismissal of his appeal, Mr. Sperry filed a 24-page, typed, single-spaced amended complaint.  His original complaint was 52 handwritten pages.  In complete disregard of Judge Waxse's order, the amended complaint contains the same 14 counts and names the same 24 defendants as the original complaint.  Plaintiff made some minor changes in wording but offers no justification for disregarding the previous order nor any new arguments as to why claims involving entirely different incidents and defendants are properly joined.

## II. Discussion

In consideration of Mr. Sperry's *pro se* status, the Court will make one more attempt to explain the joinder rules and why the amended complaint does not comply.

Federal Rules of Civil Procedure 18, 20, and 21 govern joinder and misjoinder of parties and claims.  Rule 20(a)(2) allows a plaintiff to join multiple defendants in one action "if the claims against them arise out of the same transaction or occurrence and there is a common question of law or fact linking the claims together."  *Nasious v. City and County of Denver – Denver Sheriff's Dept.*, 415 F. App'x 877, 880 (10th Cir. 2011).  "Misjoinder [under Rule 21], on the other hand, occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction."  *Id., quoting DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006).

While Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party," the analysis under Rule 20 *precedes* the analysis under Rule 18.  "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim

3

to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Redmon v. Zavaras*, No. 09-cv-02133-BNB, 2009 WL 4059188, at *4 (D. Colo. Nov. 20, 2009) (quoting 7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d § 1655). Stated another way, Plaintiff must show that all 24 defendants "participated in the same transaction or series of transactions" upon which at least one his claims is based. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Applying the rules to Mr. Sperry's complaint, the fundamental problem is that no one claim implicates all 24 defendants. Mr. Sperry has not asserted any claim against all 24 defendants that "arises out of the same transaction or occurrence and presents questions of law or fact common to all" as required by Rule 20.

Mr. Sperry's allegations in the amended complaint can be grouped into the following transactions or occurrences: (1) his assignment to administrative segregation, conditions he endured while there, and other alleged violations of his rights that occurred as a result of his transfer to ad seg (Counts I, II, III, VI, VII, VIII, XII); (2) the lack of treatment for his Hepatitis-C infection (Count IV); (3) seizure or censorship of some of his reading materials (Count V); (4) the failure of prisoners to receive interest on their prison financial accounts since 2012 (Count IX); (5) the disciplinary hearing process in general, spanning his entire twenty years of incarceration (Count X); (6) the grievance system in general (Count XI); (7) privatization of the prison canteen service (Count XII); and (8) the implementation and promotion of the Brothers in Blue program (Count IV).

Again, none of these "transactions or occurrences" implicates all 24 defendants. Consequently, Plaintiff's amended complaint fails to comply with the joinder rules and cannot go forward as filed. To allow this "mishmash of a complaint" to proceed as filed would result in a

"morass" and would also effectively allow Plaintiff to bring five lawsuits for the price of one. *George*, 507 F.3d at 607. Giving the rules a very broad reading, there is at least some argument that Counts I, II, III, V, VI, VII, VIII, X, XI, and XII may be brought in one lawsuit, given Plaintiff's overarching allegation that a retaliatory motive underlies the actions of KDOC personnel. However, Counts IV, IX, XII, and IV arise out of completely different occurrences, involve entirely different facts, and are thus improperly joined to the first set of counts or to each other. The only way all of Mr. Sperry's claims could be brought in one lawsuit is if the Court found that the transaction or occurrence all of the claims arise from is Mr. Sperry's incarceration. This commonality is not sufficient to comply with the joinder rules. *See Redmon*, 2009 WL 4059188 at *4.

The next question is what to do to remedy the situation. "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Thus, the Court has two options: "(1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately." *Nasious*, 415 F. App'x at 880, *quoting DirecTV*, 467 F.3d at 845. Therefore, Defendants Corizon Health, Inc., Rebecca (LNU), (FNU) Brundage, Union Supply Group, Inc., Jack Cauble, and Don Raymond are subject to dismissal from this action or, in the alternative, the claims Plaintiff makes in Counts IV, IX, XII, and IV are subject to being severed into separate lawsuits.

To avoid dismissal or severance of the misjoined claims, Plaintiff may file a second amended complaint omitting the misjoined claims and parties. Plaintiff is then free to bring separate actions addressing the misjoined claims. However, he should be aware of potential statute of limitations problems with that course, as the filing date of any separate lawsuit would

not relate back to the filing date of the original complaint.  In other words, the statute of limitations would not be tolled.  *See DirecTV*, 467 F.3d at 845.

If Plaintiff decides not to file a second amended complaint or persists in bringing unrelated claims, the Court will exercise its authority under Rule 21 to either sever those claims into separate actions or to dismiss the improperly joined defendants and claims.  Plaintiff is advised severance will result in the imposition of a separate filing fee for each newly severed case.

To clarify the current status of Plaintiff's case, the Court has not yet completed the screening of his complaint required by 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2).  Once there is a complaint complying with the joinder rules, the Court will screen that complaint, or those complaints in the event of severance, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

**III. Response and/or Amended Complaint Required**

For the reasons stated herein, Defendants Corizon Health, Inc., Rebecca (LNU), (FNU) Brundage, Union Supply Group, Inc., Jack Cauble, and Don Raymond are subject to dismissal from this action or, in the alternative, Counts IV, IX, XII, and IV are subject to being severed into separate lawsuits.  Accordingly, the Court directs Plaintiff to show good cause why this should not occur.  The failure to file a specific, written response waives appellate review of factual and legal allegations.  *Makin v. Colo. Dept. of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999).  Plaintiff is also given the opportunity to file a second amended complaint upon court-approved forms that cures the misjoinder discussed above.  If Plaintiff does not respond to

6

this Order within the time prescribed, the Court will proceed to exercise its authority under Rule 21.

**IT IS THEREFORE ORDERED** that Plaintiff is granted **until February 28, 2018,** to show good cause why Defendants Corizon Health, Inc., Rebecca (LNU), (FNU) Brundage, Union Supply Group, Inc., Jack Cauble, and Don Raymond and Counts IV, IX, XII, and IV should not be dismissed from this action or, in the alternative, Counts IV, IX, XII, and IV should not be severed into separate lawsuits.

**IT IS FURTHER ORDERED** that within the same period Plaintiff may file a complete and proper second amended complaint to cure the misjoinder discussed herein.

**IT IS SO ORDERED.**

DATED:  This 30th day of January, 2018, at Topeka, Kansas.

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U.S. Senior District Judge**