# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEFFREY J. SPERRY,**

                **Plaintiff,**

    **v.**                                            **CASE NO.16-3222-SAC**

**LINDSEY WILDERMUTH, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 27). In it, Plaintiff asks the Court to rescind its order of January 30, 2018 (Doc. 26). The Court's January 30 order gave Plaintiff until February 28, 2018, to show good cause why Defendants Corizon Health, Inc., Rebecca (LNU), (FNU) Brundage, Union Supply Group, Inc., Jack Cauble, and Don Raymond and Counts IV, IX, XIII, and IV should not be dismissed from this action or, in the alternative, Counts IV, IX, XIII, and IV should not be severed into separate lawsuits.

As that was a non-dispositive order, the Court looks to the provisions of District of Kansas Local Rule 7.3(b), which provides as follows:

> **(b) Non-dispositive Orders.** Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on:
>
>     (1) an intervening change in controlling law;
>     (2) the availability of new evidence; or
>     (3) the need to correct clear error or prevent manifest injustice.

D. Kan. Rule 7.3.

1

Plaintiff's motion to reconsider was filed on March 2, 2018, and as a result is untimely. Furthermore, it is not based on an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Rather, it is based on Plaintiff's disagreement with the Court's January 30 order. As such, Plaintiff's motion is not in compliance with D. Kan. Rule 7.3 and is denied.

It may be that Plaintiff's motion was instead intended to serve as an attempt to show cause as ordered by the Court. If so, Plaintiff fails to show good cause why Counts IV, IX, XIII, and IV should not be severed into separate lawsuits. Plaintiff has not shown any error in the Court's application of Rule 20(a)(2) to the facts of this case. As a result, the claims Plaintiff makes in Counts IV, IX, XIII, and IV are hereby severed into separate lawsuits pursuant to Federal Rule of Civil Procedure 21.

Plaintiff includes in his motion a request that, if the Court denies the motion, the Court grant him permission to file an interlocutory appeal. Interlocutory appeals are not favored and should be granted only in exceptional circumstances. *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006); *Fretz v. Keltner,* 109 F.R.D. 303, 308 (D. Kan. 1985). Plaintiff's request must be evaluated pursuant to 28 U.S.C. § 1292(b), which provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals...may thereupon, in its discretion, permit an appeal to be taken from such order....

28 U.S.C. § 1292(b)

Therefore, four criteria must be satisfied before an issue may be certified for interlocutory appeal: "(1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014) (citing *In re Grand Jury Proceedings June 1991,* 767 F. Supp. 222, 223 (D. Colo. 1991)).

Without conceding that any of the other criteria required by the statute are satisfied, it is clear that the requirement that the order involve "a controlling question of law as to which there is substantial ground for difference of opinion" is not met here. The "standard implies that the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991,* 767 F. Supp. at 226. Plaintiff's proposed interlocutory appeal seeks review of the Court's application of the rules of joinder to the factual allegations in his amended complaint. "This is the antithesis of a proper interlocutory appeal because this issue for appeal turns on whether the Court properly applied well-settled rules of joinder to his factual allegations." *Buenrostro v. Castillo*, No. 114CV00075BAMPC, 2017 WL 1709323, at *3 (E.D. Cal. May 3, 2017). Accordingly, Plaintiff's request for certification of interlocutory appeal is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court sever each of Counts IV, IX, XIII, and IV of Plaintiff's amended complaint (Doc. 25) into a separate case and assess a filing fee for each.

**IT IS FURTHER ORDERED** that Plaintiff's request for certification of issues for interlocutory appeal under 28 U.S.C. § 1292(b) is **DENIED**.

**IT IS SO ORDERED.**

DATED: This 9th day of May, 2018, at Topeka, Kansas.

                                                **s/ Sam A. Crow**
                                                **SAM A. CROW**
                                                **U.S. Senior District Judge**