IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

                Plaintiff,

     v.                                   CASE NO. 16-3222-SAC

LINDSEY WILDERMUTH, et al.,

                Defendants.

## MEMORANDUM AND ORDER

Plaintiff Jeffrey J. Sperry, a prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Sperry proceeds pro se.

Mr. Sperry alleges his constitutional rights have been violated by a variety of conditions of his confinement. His Complaint lists ten (10) counts.[1] To summarize, Plaintiff claims: (1) he was illegally placed in administrative segregation for 17 months; (2) he was held for just over two months in a cell infested with roaches; (3) he has been systematically prevented from getting an 8-hour period of continuous sleep since January 25, 2016; (4) Defendants have illegally seized two of Plaintiff's books, three periodicals, and one photograph; (5) he was denied access to the law library while he was held in administrative segregation; (6) and (7) some of Plaintiff's personal property, including some of his legal materials, was illegally seized; (8) none of the 25+ disciplinary hearings he has received have been fair, unbiased, or properly documented; (9) the

---

[1] Plaintiff originally brought fourteen (14) counts, but Counts IV, IX, XIII, and XIV were severed as improperly joined, leaving Counts I, II, III, V, VI, VII, VIII, X, XI, and XII in this action.

1

prison grievance system is meaningless and manipulated by Defendants to automatically deny all relief and to create obstacles between prisoners and judicial review; and (10) he was denied all of his rights while housed in administrative segregation. It appears from the Complaint that these alleged violations occurred at the Lansing Correctional Facility (LCF) and EDCF.

The Court conducted an initial review of the Complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), and issued an order directing Plaintiff to show cause why several counts should not be dismissed. *See* ECF No. 31. Plaintiff filed a timely response to the show cause order. *See* ECF No. 34.

After reviewing Plaintiff's response, the Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Kansas Department of Corrections (KDOC). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of KDOC to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of LCF and EDCF are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of LCF and EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall correct the docket sheet to reflect the Court's memorandum and order of May 9, 2018 (ECF No. 28) by removing Corizon

Health, Inc.; Rebecca LNU; FNU Brundage; Union Supply Group, Inc.; Jack Cauble; and Don Raymond as defendants in this matter.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 7th day of May, 2019, at Topeka, Kansas.

                                              **s/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **U.S. Senior District Judge**