IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

              **Plaintiff,**

v.                                            CASE NO. 16-3222-SAC

LINDSEY WILDERMUTH, et al.,

              **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff, a state prisoner, filed this civil rights complaint under 42 U.S.C. § 1983. On May 7, 2019, the Court ordered Interested Party Kansas Department of Corrections (KDOC) to prepare a *Martinez* report. The KDOC has requested five (5) extensions of time, with the last deadline to file the *Martinez* report being May 26, 2020. That deadline has come and gone with no report, no explanation, and no motion asking for another extension.

The *Martinez* report developed in the Tenth Circuit as a way for district courts screening complaints filed by prisoners to obtain more information to assist in deciding whether or not a case should be dismissed under 28 U.S.C. § 1915(d). The report is prepared by prison officials, in this case the KDOC. It helps the court determine whether there are factual or legal bases for the prisoner's claims, and it "aid[s] in identifying and clarifying the issues pro se plaintiffs raise in their complaints, [ ] assist[s] in the court's broad reading of pro se litigants' pleadings, and [ ] supplement[s] plaintiffs' descriptions of the practices they contend are unconstitutional." *Jennings v. Yates*, 792 F. App'x 606, 609 (10th Cir. 2019) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112-13

(10th Cir. 1991)); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). Because civil rights cases filed by prisoners under § 1983 are generally exempt from requirements under the Federal Rules of Civil Procedure mandating a scheduling order and disclosure of information (*see* D. Kan. L.R. 9.1(k)), the *Martinez* report helps to strike a balance, allowing a court to "dig beneath the conclus[ory] allegations" to determine whether dismissal or judgment is warranted "without trial." *Hunnicutt v. Moore*, No. 2:18-CV-00667-JB-KRS, 2019 WL 4673151, at *1–2 (D.N.M. Sept. 25, 2019) (quoting *Gee*, 829 F.2d at 1007).

Where, as here, the KDOC is not a party to the lawsuit, the Court has little leverage to assure compliance with its order requesting the preparation of the report. The primary course available to the Court is to order the defendants, who are all current or former KDOC employees, to answer without further delay and to comply with Fed. R. Civ. P. 26(a) and the other standard pretrial procedures.

**IT IS THEREFORE ORDERED** that Defendants are granted to and including **June 19, 2020** to show good cause why they should not be ordered to respond to the complaint within twenty-one (21) days and to comply with standard pretrial procedures under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: This 12th day of June, 2020, at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2