IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,                        )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )         Case. No. 16-CV-3222-SAC
                                          )
LINDSEY WILDERMUTH, *et al.*              )
                                          )
              Defendants.                 )
_____ )

**MOTION TO STAY DISCOVERY AND RELATED RULE 26 ACTIVITIES
WITH MEMORANDUM IN SUPPORT INCORPORATED**

Defendants request an order staying all discovery and other related Rule 26 proceedings in

this case until the Court completes its screening of the case and rules on defendants' pending

Motion to Dismiss, or in the Alternative, for Summary Judgment.

**Nature of the Matter Before the Court and Brief Statement of Facts**

In this case, Kansas Department of Corrections (KDOC) inmate Jeffrey Sperry attempts to

bring dozens of claims against various combinations of 18 defendants, all current or former

employees and officials of the KDOC. Doc. 24. The Court has previously found that at least half

of the counts failed to state a claim and ordered Sperry to show cause why they should not be

dismissed. Doc. 31. After Sperry responded, the Court ordered the KDOC to prepare a *Martinez*

report to assist it in screening the claims. Doc. 35. The *Martinez* report was filed on June 19, 2020.

Doc. 48. The Court has yet to screen the case based on the *Martinez* report.

On September 1, 2020, defendants moved for dismissal, or alternatively summary

judgment, arguing that the complaint violates the pleading requirements of Rule 8 and fails to state

plausible claims for relief against defendants, who are entitled to qualified immunity. Doc. 52, 53.

Some of the deficiencies in Sperry's complaint include his attempt to bring general grievances on behalf of the prison population as whole, which he lacks standing to do, and claims barred by the statute of limitations. Doc. 53 at 13-14. Some of the purported claims are not just deficient but frivolous. *See, e.g.*, Doc. 53 at 10. Additionally, the motion argues that Sperry failed to exhaust his administrative remedies for some claims and the claims against defendants in their official capacities are largely barred by the Eleventh Amendment. Doc. 53 at 27-33. This motion is pending.

## Question Presented

Should the Court stay discovery and other related Rule 26 proceedings until it screens the case and decides defendants' pending Motion to Dismiss, or in the Alternative, for Summary Judgment?

## Argument and Authorities

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And '[i]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.'" *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case,

- "where the facts sought through uncompleted discovery would not affect the resolution of the motion," and

2

- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

Another such circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kansas State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to resolve the threshold question of whether a defendant is entitled to immunity before subjecting him to avoidable and unnecessary discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

Here, any discovery would be premature and wasteful until the Court conducts the screening mandated by 28 U.S.C. § 1915A:

**(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

While the Court has acknowledged the need to screen this case and ordered a *Martinez* report to assist it in doing so, Doc. 35 at 2, the screening has not yet occurred. Sperry's amended complaint

attempts to bring dozens of diverse claims against numerous defendants, and the Court's initial review of it found that more than half of the counts failed to state a claim. Doc. 31. The KDOC submitted an extensive report to aid the Court in screening the case. Doc. 48. Until the Court screens the case based on the *Martinez* report and dismisses the portions of the complaint that are frivolous, malicious, or fail to state a claim, as well as those that seek monetary relief from defendants immune from such relief, "discovery on all issues of sthe broad complaint would be wasteful and burdensome." *Wolf*, 157 F.R.D. at 495. All discovery in this case should be stayed until this mandatory screening by the Court occurs.

Additionally, the Court should stay discovery until it rules on defendants' pending motion because it raises threshold issues likely to dispose of the case. Defendants argue that the complaint violates the pleading requirements and is subject to dismissal, which would dispose of the case. The motion also argues extensively that Sperry fails to state plausible claims. Discovery will not aid the Court in deciding whether Sperry fails to state plausible claims in his complaint, as that is a question of law, not fact. Finally, defendants raise the issues of qualified immunity and Eleventh Amendment immunity.

Qualified immunity is meant "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)), and Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying an official's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-47 (1993). Defendants are entitled to resolution of the immunity issues as

a threshold matter because immunity from suit includes protection from avoidable and unnecessary discovery. *See Siegert*, 500 U.S. at 232 (citations omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary,* 51 F. App'x 825, 827-28 (10th Cir. 2002) (affirming stay of discovery where defendant raised sovereign immunity as a defense).

### Conclusion

Until the Court screens Sperry's complaint under 28 U.S.C. § 1915A and decides the dispositive legal and jurisdictional issues raised in defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Thus, the Court should grant this motion and enter an order staying discovery and other Rule 26 activities in this case, including service of discovery requests and responses, until it screens the case and rules on defendants' pending Motion to Dismiss, or in the Alternative, for Summary Judgment.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
DEREK SCHMIDT

s/ Kathleen M. Barceleau
Kathleen M. Barceleau, KS No. 28401
Natasha M. Carter, KS No. 26074
Assistant Attorneys General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 296-2215
Fax: (785) 291-3767
Email: kathleen.barceleau@ag.ks.gov
Email: natasha.carter@ag.ks.gov
*Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I certify that on September 14, 2020, the foregoing was electronically filed with the clerk of the court using the CM/ECF system and a copy was mailed first-class mail, postage prepaid to:

Jeffrey J. Sperry, #47031
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042
Plaintiff pro se


s/ Kathleen M. Barceleau
Kathleen M. Barceleau
Assistant Attorney General

6