**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 30, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| JEFFREY J. SPERRY,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>LINDSEY WILDERMUTH; ANDREW LUCHT; CHRISTOPHER ROSS; KEVIN BOSCH; (FNU) HUNT; COLLETTE WINKLEBAUER; REX PRYOR; K. LEE; LARRY HOSHAW; DANIEL JACKSON; PHILLIP PATTERSON; ROBERT SAPIEN; HANNAH BOOTH; JAMES HEIMGARTNER; JOHNNIE GODDARD; DOUGLAS BURRIS; BILL SHIPMAN; RAYMOND ROBERTS; KANSAS DEPARTMENT OF CORRECTIONS,<br><br>Defendants - Appellees. | No. 21-3009<br>(D.C. No. 5:16-CV-03222-SAC)<br>(D. Kan.) |

_____

## ORDER AND JUDGMENT*

_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

\* Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

This appeal involves ten claims by a Kansas prisoner, Mr. Jeffrey Sperry. In these claims, Mr. Sperry complains of placement and conditions in administrative segregation, housing in a cell infested with roaches, systematic deprivation of sleep, withholding of publications that had been mailed, denial of access to a law library and legal assistance, seizure and loss of personal property and legal materials, deprivation of fair hearings in disciplinary matters, and shortcomings in the grievance system. The defendants include the Kansas Department of Corrections and eighteen prison employees.

The defendants moved, in the alternative, for dismissal or summary judgment. The district court stated that it was granting "Defendants' motion" but didn't say which motion was being granted. We treat the ruling as a dismissal and reverse the dismissal of Mr. Sperry's claims

- against Lindsey Wildermuth and Andrew Lucht for retaliation through placement in administrative segregation and

- against K. Lee, Bill Shipman, Hannah Booth, and Robert Sapien for withholding of mail.

We affirm the dismissal of Mr. Sperry's other claims.

## I.   Characterization of the Ruling and the Standard of Review

Because the defendants had moved alternatively for dismissal or summary judgment, we must decide which motion was granted.

2

Some of the court's language suggests that the ruling constituted a grant of summary judgment. For example, the court said that it was deciding "the motion under the request for summary judgment contained therein." R. at 667. And in the conclusion, the court used the terminology of summary judgment, granting "judgment as a matter of law" based on the absence of a "genuine issue as to any material fact." *Id.* at 691; *see* Fed. R. Civ. P. 56(a) (stating that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

But the court used other language suggesting dismissal for failure to state a valid claim. *See* Fed. R. Civ. P. 12(b)(6). For example, the disposition stated that "[t]his matter is dismissed for failure to state a claim upon which relief can be granted." R. at 691 (bolding omitted). And when concluding each section, the court said that it was dismissing each cause of action for failure to state a valid claim.[1]

In their briefs, both parties treat the ruling as a dismissal for failure to state a valid claim.[2] Given the ambiguity in the ruling, we accept the

---

[1]    On appeal, the defendants don't present an alternative argument to affirm based on their summary-judgment motion.

[2]    Mr. Sperry's characterization isn't consistent. For example, in his notice of appeal, he treats the ruling as an "order of summary judgment." R. at 693. In his appeal brief, however, he consistently refers to the ruling as one for dismissal for failure to state a valid claim. He also argues that if the defendants question the evidentiary support for any of the claims, they

parties' characterization. We thus apply the standard used when the district court dismisses an action for failure to state a valid claim.

That standard of review is de novo. *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). Engaging in de novo review, we credit the factual allegations in the complaint and view them favorably to Mr. Sperry. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). But the complaint must contain sufficient factual allegations to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.    Constitutional Claims

In the complaint, Mr. Sperry alleges many constitutional violations. The district court dismissed each claim.

### A.    Placement in Administrative Segregation

Mr. Sperry was put in administrative segregation, leading to claims involving violation of the First and Fourteenth Amendments.[3]

### 1.    First Amendment (Retaliation)

In asserting a violation of the First Amendment, Mr. Sperry alleges retaliation for his exercise of constitutionally protected activity. The

---

can move for summary judgment after the completion of discovery. Appellant's Opening Br. at 6–11.

[3]    In the complaint, Mr. Sperry also asserted that his placement in administrative segregation had violated the Eighth Amendment and

district court dismissed this claim, stating that Mr. Sperry had failed to adequately plead facts showing each defendant's substantial motivation to retaliate for protected conduct. For most of the defendants, we agree. But not for two prison employees (Lindsey Wildermuth and Andrew Lucht).

A retaliation claim bears three elements: (1) identification of constitutionally protected activity, (2) conduct "that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) facts indicating that the conduct was intended to respond to the exercise of protected activity. *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). The complaint contains allegations that would satisfy each element.

The first element involves protected activity. Mr. Sperry says that he helped other inmates in their litigation, and the defendants point out that such help isn't constitutionally protected. *Shaw v. Murphy*, 532 U.S. 223, 231 (2001). But Mr. Sperry also claims that he brought his own civil suit, which is constitutionally protected. *Cohen v. Longshore*, 621 F.3d 1311, 1317–18 (10th Cir. 2010); *Trujillo v. Williams*, 465 F.3d 1210, 1226–27 (10th Cir. 2006).

The second element is conduct that would inhibit continued pursuit of Mr. Sperry's civil case. In the complaint, Mr. Sperry alleged that Ms.

---

Fourteenth Amendment's Equal Protection Clause. He does not reassert these claims here.

5

Wildermuth and Mr. Lucht had imposed administrative segregation, which resulted in transfer to another prison with harsher conditions. A factfinder could reasonably infer that the harsher conditions could chill a person of ordinary firmness from continued pursuit of a civil case. *Gee*, 627 F.3d at 1189; *Fogle v. Pierson*, 435 F.3d 1252, 1263–64 (10th Cir. 2006).

The third element involves a retaliatory motive. The defendants attribute placement in administrative segregation to a disciplinary violation. But Mr. Sperry disagrees, attributing placement in administrative segregation to retaliation. He alleges that Ms. Wildermuth and Mr. Lucht monitored the civil suit, Ms. Wildermuth issued a disciplinary report riddled with errors and refused to make corrections, and Ms. Wildermuth blamed the mistakes on a department run by Mr. Lucht. From these allegations, a factfinder could reasonably infer a retaliatory motive.

We thus conclude that Mr. Sperry adequately pleaded satisfaction of each element as to Ms. Wildermuth and Mr. Lucht. But Mr. Sperry did not plausibly allege the participation of any of the other defendants in the retaliatory transfer to administrative segregation.[4] We thus reverse the dismissal of this claim only as to Ms. Wildermuth and Mr. Lucht.[5]

---

[4]     The other defendants on this claim are Raymond Roberts, Johnnie Goddard, Collette Winklebauer, Rex Pryor, Phillip Patterson, Larry Hoshaw, Daniel Jackson, and James Heimgartner.

[5]     Mr. Sperry also alleged a conspiracy and argues on appeal that this conspiracy included his placement in administrative segregation.

### 2.    Fourteenth Amendment (Due Process)

Mr. Sperry also claims a denial of due process in violation of the Fourteenth Amendment. The district court dismissed this claim, and we agree with this ruling.

The Fourteenth Amendment requires due process only if the defendant affected a liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Mr. Sperry alleges a liberty interest based on the state's regulations governing placement in administrative segregation.

But a liberty interest can arise from state regulations only when they extend the duration of confinement or impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The district court properly concluded that Mr. Sperry had failed to allege facts showing that the placement in administrative segregation extended his prison confinement or constituted an "atypical and significant hardship" in comparison to the typical terms of prison confinement. *Id.*

To determine whether the conditions were atypical and significant, the court engages in a fact-intensive assessment, considering the totality of

---

Appellant's Opening Br. at 5. But this argument consists only of a single sentence and is conclusory. We thus affirm the dismissal of the conspiracy claim related to the placement in administrative segregation. *Cummings v. Dean*, 913 F.3d 1227, 1235–36 (10th Cir. 2019).

the circumstances. *Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012).

This assessment includes four factors:

1.   the existence of a legitimate penological interest,

2.   the extremity of the conditions,

3.   the possible effect on the duration of confinement, and

4.   the indeterminate nature of the placement.

*Est. of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

On the first factor, Mr. Sperry pleaded a factual basis to question the legitimacy of the penological interest, for he attributed his placement in administrative segregation to petty retaliation.

On the second factor, Mr. Sperry alleged various losses of privileges:

- lockdown for 24 hours without human interaction,

- constant lighting in the cell,

- lack of visitation,

- limited access to outside recreation,

- limited shower access,

- lack of law-library access,

- lack of opportunities to participate in religious ceremonies,

- lack of access to publications,

- lack of mental-health programs,

- inability to participate in work-release programs,

- cuffing and connection to a dog leash upon exit from the cell,

- inability to participate in fundraisers,

- inability to access his JPay account,

- inability to use his MP4 player, and

- limited ability to purchase items from the commissary.

R. at 152. We've regarded similar restrictions as typical and insignificant in comparison to the ordinary incidents of prison life. *Rezaq v. Nalley*, 677 F.3d 1001, 1014–15 (10th Cir. 2012); *see also Requena v. Roberts*, 893 F.3d 1195, 1218 (10th Cir. 2018) ("[R]estrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life." (internal quotation marks omitted)).[6]

On the third factor, placement in administrative segregation doesn't affect the duration of the sentence. Mr. Sperry complains that he couldn't participate in rehabilitation programs or in work release, which could have hurt his chances to obtain parole at his 2020 hearing. But there's little in

---

[6]     In non–precedential opinions, we have also concluded that similar conditions at this prison weren't severe enough to create a liberty interest. *Shields v. Cline*, 829 F. App'x 321, 324 (10th Cir. 2020) (unpublished); *Stallings v. Werholtz*, 492 F. App'x 841, 845 (10th Cir. 2012) (unpublished).

the complaint to assess Mr. Sperry's chance of getting parole even if he could have participated in these programs.

On the fourth factor, Mr. Sperry doesn't allege that he was to remain in administrative segregation for an indefinite period.

Given the factors as a whole, we conclude that Mr. Sperry's "placement in administrative segregation . . . does not give rise to a liberty interest." *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). Because no liberty interest existed, the Fourteenth Amendment did not require due process. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). So this claim was properly dismissed.

### B.    Infestation of Roaches

Mr. Sperry also claims that his cell swarmed with roaches for roughly 2 ½ months. This claim implicates the Eighth Amendment, which is violated only if the prison official recognizes and "disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).[7]

Mr. Sperry acknowledges in the complaint that he was told that the defendants had an exterminator regularly spray for roaches. (He does not

---

[7]    In the complaint, Mr. Sperry alleged that at any one time, 3–20 roaches could be seen anywhere in the cell. Despite these allegations, the district court concluded that the alleged infestation was not serious enough to implicate the Eighth Amendment. We need not address this issue and express no opinion on the objective seriousness of the alleged infestation of roaches.

question the truthfulness of what was said.) Given the efforts to rid the cell of roaches, Mr. Sperry has failed to allege a plausible basis to infer conscious disregard to his health or safety. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (upholding summary judgment for prison officials based on evidence that they regularly sprayed the cells for pests).

### C.    Sleep Deprivation

Mr. Sperry also claims an Eighth Amendment violation from the deprivation of sleep. The alleged sleep deprivation consisted of constant lighting of every cell and wakening of every inmate throughout the night.

The district court dismissed this claim for two reasons: (1) Mr. Sperry hadn't alleged the participation of any of the defendants, and (2) the sleep interruptions hadn't deprived Mr. Sperry of the minimal measures of life's necessities.

Even if we were to reject the second reason, Mr. Sperry hasn't questioned the first reason for dismissal of this claim. By failing to challenge that reason, Mr. Sperry waived his opportunity to show personal participation of the defendants. *See Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018) (stating that the plaintiff must allege facts showing how each defendant "had been personally involved in the underlying violations through their own participation or supervisory control").

### D.     Withholding of a Book, Magazines, and a Photograph

Prison authorities prevented mail delivery of a book, three magazines, and a photograph.[8] Based on the inability to obtain these materials, Mr. Sperry alleges violation of the First and Fourteenth Amendments.

On this claim, the district court reasoned that prison authorities had a legitimate penological objective to withhold the book, magazines, and photograph. But the court ruled on a motion to dismiss, which limited the universe of facts to those alleged in the amended complaint. *See* Part I, above.[9] In the amended complaint, Mr. Sperry needed only to "plead facts from which a plausible inference [could] be drawn that the action was not reasonably related to a legitimate penological interest." *Gee v. Pacheco*,

---

[8]     In the complaint, Mr. Sperry also alleged withholding of a second book (*Full Blast* by Janet Evanovich and Charlotte Hughes). But he acknowledged in district court that this incident had fallen outside the limitations period.

[9]     Prison officials relied on an investigative report (otherwise called a "*Martinez* report") for their summary-judgment motion, but the district court ruled on the motion to dismiss rather than the motion for summary judgment. When ruling on a motion to dismiss for failure to state a valid claim, the court can consider investigative reports only if "the plaintiff challenges a prison's policies or established procedures and the [investigative] report's description of the policies or procedures remains undisputed after plaintiff has an opportunity to respond." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991)). As the defendants point out, Mr. Sperry hasn't challenged the prison's policies or procedures. Appellees' Resp. Br. at 25. So we cannot consider the investigative report.

627 F.3d 1178, 1188 (10th Cir. 2010). Mr. Sperry's allegations satisfied

this standard.

He alleges five facts:

1.  Authorities seized a *Us Weekly* magazine because it contained
    an advertisement for drink recipes, but

    - there's no rule against possession of publications
      containing drink recipes and

    - authorities allowed many other publications containing
      the same advertisement.

2.  Authorities withheld an issue of *Wired Magazine*, stating that it
    posed a threat to the security of the facility. But Mr. Sperry's
    family saw nothing in the magazine that could remotely
    threaten security.

3.  Authorities seized a second issue of *Wired Magazine*, but
    never gave a reason for seizing it.

4.  Authorities seized the book *The Target* and identified five
    pages as improper. These pages contained fictional discussions

    - about the length of a prisoner's incarceration,

    - between two death-row inmates,

    - about vetting of CIA agents, and

    - about the selection of two CIA agents for a mission.

5.  Authorities seized a photograph of a sexily dressed female, but
    it was not pornographic.

The amended complaint contained nothing to suggest a penological

objective to seize these materials. So the district court erred in dismissing

the First Amendment claim for withholding Mr. Sperry's mail.

The resulting issue is which defendants should remain on this claim. Mr. Sperry alleged direct involvement by K. Lee, Bill Shipman, Hannah Booth, and Robert Sapien. So these defendants should remain on this claim. But Mr. Sperry also asserted this claim against Raymond Roberts, Johnnie Goddard, Douglas Burris, Rex Pryor, James Heimgartner, and Collette Winklebauer based on their failures to properly address administrative appeals. Those alleged failures would not constitute personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [42 U.S.C.] § 1983"). So the dismissals were correct for Mr. Roberts, Mr. Goddard, Mr. Burris, Mr. Pryor, Mr. Heimgartner, and Ms. Winklebauer.

The district court also properly dismissed the Fourteenth Amendment claim. The court reasoned that (1) Mr. Sperry could have the materials sent elsewhere and (2) he had an adequate remedy in state court. On appeal, Mr. Sperry does not say what was wrong with the reasoning on the Fourteenth Amendment claim. We thus affirm the dismissal of this claim. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating

14

that even unrepresented litigants must present an argument citing the record and providing legal authority).

### E.   Denial of Access to a Law Library or Persons Trained in the Law

Mr. Sperry also alleges denial of court access from his inability to use the law library or consult individuals trained in the law.[10] But these denials would have crossed a constitutional line only if they had hindered Mr. Sperry's effort to litigate a nonfrivolous claim. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam). The district court reasoned that Mr. Sperry had failed to explain how better legal access would have allowed him to pursue another claim.

He points to a state court's rejection of his motion attacking a criminal sentence. *See* Kan. Stat. Ann. § 60–1507. Under Kansas law, however, this statute imposes a strict deadline and restricts the filing of second or subsequent motions. *Id.* § 60–1507(c), (f). Based on these restrictions, the Kansas Court of Appeals upheld the dismissal of his motion as both untimely and successive. *Sperry v. State*, No. 112,143, 2016 WL 2942280 (Kan. Ct. App. 2016) (unpublished; per curiam).

---

[10]   In district court, Mr. Sperry also claimed that this denial of court access had constituted retaliation, deprivation of due process, and denial of equal protection. On appeal, however, Mr. Sperry doesn't reassert these claims.

In reviewing the constitutional claim for denial of court access, the district court reasoned that Mr. Sperry hadn't said how better legal access would have changed the outcome in state court. On appeal, Mr. Sperry doesn't address this reasoning. So we must affirm this ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and providing legal authority).

## F.    Seizure of Personal Property

The prison restricted every inmate's personal belongings, stating that they had to fit in two small boxes. Based on this restriction, the defendants allegedly seized Mr. Sperry's belongings, including his legal materials. Based on these alleged seizures, Mr. Sperry claimed violations of the First Amendment, the Fourteenth Amendment's Due Process Clause,[11] a conspiracy to violate these amendments, and violation of the Racketeering Influenced and Corrupt Organizations Act.

---

[11]    In the complaint, Mr. Sperry also claimed a denial of the Fourteenth Amendment's Equal Protection Clause. But on appeal, he doesn't reassert this claim.

The district court didn't address the First Amendment claim. We'd ordinarily remand for consideration of this claim, *see Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013), but a remand is unnecessary because the claim was facially deficient, *see Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

As noted above, the First Amendment was violated if the seizure had hindered Mr. Sperry's effort to litigate a nonfrivolous claim. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam). And on this claim, Mr. Sperry referred only to the state appellate court's rejection of his motion attacking a criminal sentence. *See Sperry v. State*, No. 112,143, 2016 WL 2942280 (Kan. Ct. App. 2016) (unpublished; per curiam). But again, Mr. Sperry hasn't shown how the seized materials would have helped him obtain a better outcome in that state-court appeal. We thus reject Mr. Sperry's reliance on the First Amendment. *See* Part II(E), above.

On the Fourteenth Amendment claim, the district court reasoned that the defendants had supplied due process by allowing Mr. Sperry to tell authorities where to send the seized items. Mr. Sperry doesn't question this reasoning, so we must affirm the ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even

unrepresented litigants must present an argument citing the record and providing legal authority).

On the claims involving conspiracy and violation of the Racketeering Influenced and Corrupt Organizations Act, Mr. Sperry says only that the seizure of his property "states a claim upon which relief could be had for . . . conspiracy to violate his rights by targeting his legal files for suits against [the Kansas Department of Corrections] and its agents, and RICO under 18 U.S.C. § 1964." Appellant's Opening Br. at 9.[12]

For a conspiracy claim, Mr. Sperry had to "allege specific facts showing an agreement and concerted action amongst the defendants." *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998)). The district court regarded the conspiracy allegations as conclusory, and his appellate argument is no more specific. The same is true of the claim involving violation of the Racketeering Influenced and Corrupt Organizations Act. We thus uphold the rulings on the claims involving a conspiracy and violation of the Racketeering Influenced and Corrupt Organizations Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of

---

[12]     Mr. Sperry also pleaded conspiracy claims in connection with his other constitutional theories. But in his appeal brief, he refers to the conspiracy claim only in connection with his placement in administrative segregation and the seizure of his belongings. Appellant's Opening Br. at 5, 9.

the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."); *Cummings v. Dean*, 913 F.3d 1227, 1235–36 (10th Cir. 2019) (declining to consider an argument consisting of "single conclusory sentence"); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (declining to consider an argument that was "inadequately briefed" because it was "vague, confusing, conclusory, and unsupported by record evidence").

### G.   Loss of Belongings after Their Seizure

Mr. Sperry also claims that authorities lost his belongings, violating the Fourteenth Amendment's Due Process Clause.[13] The district court rejected this claim, reasoning that Mr. Sperry had adequate post-deprivation remedies. Mr. Sperry doesn't challenge this reasoning, so we affirm this ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d

---

[13]     In the complaint, Mr. Sperry also claimed a denial of equal protection. But on appeal, he doesn't reassert this claim.

836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and supporting legal authority).

### H.   Lack of Fairness in Disciplinary Proceedings

Mr. Sperry also claims that his disciplinary proceedings were unfair. The district court rejected the claim, reasoning that the proceedings hadn't affected the duration of the sentence. Mr. Sperry again fails to address the district court's reasoning, so we must uphold the ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and providing legal authority).

### I.   Deficiencies in the Prison's Grievance System

In the complaint, Mr. Sperry also alleges that prison authorities made a mockery of the grievance system. The district court rejected these allegations, concluding that Mr. Sperry had failed to show hindrance to a nonfrivolous claim or a constitutional right to a grievance system. Mr. Sperry again fails to address the district court's reasoning, so we affirm the ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *see*

20

*also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and providing legal authority).

## III.   State-Law Claims

In his appeal brief, Mr. Sperry invokes the Kansas Tort Claims Act and asserts claims for battery, breach of fiduciary duty, negligence, and outrage. These claims were properly dismissed.

### A.   Battery

In Kansas, a battery takes place only if the defendant makes contact or puts another in apprehension of contact. *Wilson v. Meeks*, 98 F.3d 1247, 1253 (10th Cir. 1996). But the complaint lacks any allegations of a touching or threatened touching by any of the defendants. So the district court properly dismissed this claim.

Mr. Sperry argues on appeal that he was touched by the roaches and likens the roaches to dogs, insisting that a dog owner can incur liability for a battery when a dog attacks someone. But a dog owner owns and controls the dog, and the prison doesn't own or control the roaches. Given this difference, the district court properly dismissed the battery claim.

### B.   Other State–Law Claims

In his appeal brief, Mr. Sperry also sprinkles references to various other causes of action under Kansas law:

- "If mistreatment of a confined person is a crime, it certainly constitutes a violation of the Prison officials['] fiduciary duty to protect Plaintiff from criminal abuse, and a jury could certainly find that torturing prisoners with roaches for 2½ months constitutes outrageous conduct." Appellant's Opening Br. at 6.

- "For the same reasons as the roach infestation, sleep deprivation constitutes the torts of battery, breach of fiduciary duty, outrageous conduct and negligence." *Id.* at 7.

- "[Seizure of his belongings] clearly states a claim upon which relief could be had for . . . state torts . . . ." *Id.* at 9.

- "He is also protected from loss by [Kansas Department of Corrections] and its agents due to intentional or negligent seizure, damage or loss of his property by [the Kansas Department of Corrections'] agents. K.S.A. 75–6101 et seq." *Id.*

- "[T]he Kansas Tort Claims Act protects him from these corrupt disciplinary proceedings as this is a diversity jurisdiction case. 75–6101 et seq." *Id.* at 10.

- "These privileges and rights [available to inmates in general population and denied to inmates in administrative segregation] are protected by the Kansas Tort Claims Act under K.S.A. 75–6101 et seq." *Id.* at 11.

In these statements, Mr. Sperry does not adequately develop an argument involving the Kansas Tort Claims Act or a cause of action for breach of fiduciary duty, negligence, or outrage. We thus do not consider these references as distinct arguments. *See Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").[14]

## IV.  Conclusion

We reverse and remand on (1) the First Amendment retaliation claim against defendants Wildermuth and Lucht and (2) the First Amendment claim against defendants Lee, Shipman, Booth, and Sapien for withholding of his mail. On the remaining dismissals, we affirm.[15]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[14]    Though Mr. Sperry is pro se, he must comply with the same procedural rules governing other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15]    The defendants have not argued for affirmance on any alternative ground, so we express no opinion on the availability of summary judgment. Because the district court did not rule on the defendants' alternative argument for summary judgment, the court should consider that argument on remand, if appropriate, as to the claims involving (1) retaliation against defendants Wildermuth and Lucht and (2) censorship of a photograph, the book *The Target*, and the magazines *Us Weekly* and *Wired Magazine*.