**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JEFFREY J. SPERRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case. No. 16-3222-JAR** |
| | ) | |
| LINDSEY WILDERMUTH, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO MOTION TO ALTER OR AMEND JUDGMENT

Defendants K. Lee, Bill Shipman, Hannah Booth, and Robert Sapien ("Defendants"),
submit this response, through Assistant Attorney General Matthew L. Shoger, in opposition to
Plaintiff Jeffrey J. Sperry's Motion to Alter or Amend Judgment (Doc. 114) under Federal Rules
of Civil Procedure 59(e) and 60(b). Defendants respectfully request that the motion be denied.
Defendants attach two new exhibits: Exhibit A, which is an updated KASPER information sheet,
and Exhibit B, a Declaration of Deputy Warden Calvin Reams. Defendants state the following in
support.

**I.    Sperry has failed to establish any grounds for why the judgment should be altered
       or amended under Rule 59(e).**

For Sperry to meet his burden for a motion to alter or amend a final judgment under Rule
59(e), he must demonstrate (1) an intervening change in the controlling law, (2) new evidence
previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Farr v.
Curry*, No. 22-2120-DDC, 2023 WL 315028, at *1 (D. Kan. Jan. 19, 2023) (citing *Servants of
the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) and D. Kan. Rule 7.3). Here, Sperry
does not cite an intervening change in the controlling law or assert that new evidence is
available. Sperry suggests that the judgment was in error or unjust because "the Court did not

receive his responses due to no fault of his own and he will be greatly prejudiced by the summary grant of the summary judgment motion based on the Court's unjust perception that Plaintiff never filed any [response]." (Doc. 114 at ¶ 6.)

But far from a "summary grant," the Court explained in a twenty-two page opinion why the Court was granting summary judgment to Defendants. (Doc. 112.) Although the Court deemed undisputed the facts presented in Defendants' summary judgment brief, the Court only did so to the extent they were supported by the record. (Doc. 112 at 4.) The Court specifically explained that it would *not* grant a summary judgment motion simply because it is unopposed, but only "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." (Doc. 112 at 3-4.) In fact, although Sperry also failed to respond to the previous Motion for Summary Judgment (Doc. 75), the Court *denied* that motion in part, clearly demonstrating that the Court does not summarily grant motions for summary judgment as uncontested. (Doc. 91 at 4-6, 14-15.) The reason Sperry suggests for why the judgment was in error or unjust – that the Court supposedly summarily granted the most recent Motion for Summary Judgment as uncontested – does not match the extensive reasons provided by the Court in its order explaining why that motion was granted. (*See* Doc. 112.) Therefore, Sperry's argument fails to demonstrate clear error or manifest injustice.

To the extent Sperry suggests that other grounds to alter or amend may be discussed in an elusive Motion to Strike and Response, not only does Sperry fail to provide this document but he also fails to indicate even at a high level what arguments that Motion to Strike and Response included. Therefore, those grounds are not before the court to be considered for purposes of ruling on the current motion.

What is more, although Sperry was moved to the Wichita Work Release Facility on or around August 8, 2023 (Exhibit A at 2; Exhibit B at ¶ 2; Doc. 114 at ¶ 4), the admissible evidence shows that Sperry has had access to his legal files (Exhibit B at ¶¶ 3, 8). The only files Sperry could not access were because he stored them on an unauthorized email account and even those files were only unavailable to him for about a week. (Exhibit B at ¶¶ 4-7; *see also* Exhibit A at 4.) Despite having access to his legal files, Sperry has failed to provide the alleged Motion to Strike and Response or even to provide a high-level overview of its arguments. Therefore, Sperry has failed on his own accord to provide legal grounds to this Court for why the judgment should be altered or amended.

Of course, if the Motion for Summary Judgment had been struck, then it would not have been granted, but Sperry does not demonstrate that it should have been struck. The only semblance of a reason Sperry provides to support a Motion to Strike is that the Motion for Summary Judgment was the third summary judgment motion made by Defendants, which Sperry points out repeatedly in the current motion. But this is not a reason to strike the Motion for Summary Judgment. The Court expressly permitted the filing of the second summary judgment motion in its order on April 21, 2022, saying "the remaining defendants are given the opportunity to file a renewed or amended motion for summary judgment as to Plaintiff's two remaining claims" and "Defendants are granted until May 23, 2022, in which to file a motion for summary judgment as set forth herein." (Doc. 74 at 1.)

The Court further permitted a third summary judgment motion by denying in part the second summary judgment motion *without prejudice*. (Doc. 91 at 15.) The Court explained, as reasons for denying in part the second summary judgment motion, that "[t]he censored materials are not in the record, and importantly, there is no affidavit from any prison official explaining or

describing their content in more than superficial terms." (Doc. 91 at 14.) The Court cited *Strope v. Collins*, No. 06-3150-JWL, 2008 WL 2435560, *1 (D. Kan. June 12, 2008) for the principle that when a court denies a summary judgment motion on a censorship issue without prejudice because it finds the record insufficient, it could still decide a "renewed summary judgment motion" that includes "affidavits from prison officials regarding mail regulations and censorship decisions." (Doc. 91 at 14 n.62; *see also Strope*, 2008 WL 2435560, at *6 to *7.) Defendants' third summary judgment motion followed *Strope* and provided the evidence that the Court had found missing in the second summary judgment motion. Sperry has not cited any contrary legal authority to suggest that the Court could not consider a third summary judgment motion under these circumstances or to support striking it.

Sperry has not demonstrated an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Therefore, Sperry has failed to show any legal grounds for altering or amending the judgment under Rule 59(e).

II.   **Sperry has failed to establish any grounds for why he should be relieved from the final judgment under Rule 60(b).**

Under Federal Rule of Civil Procedure 60(b):

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

4

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c).

Here, Sperry does not provide any newly discovered evidence (or even any new, admissible evidence) under 60(b)(2), does not allege or establish fraud under 60(b)(3), does not allege or establish that the judgment is void under 60(b)(4), and does not allege or establish that the judgment has been satisfied, released, discharged, that an underlying judgment has been reversed or vacated, or that applying the judgment is no longer equitable under 60(b)(5). Sperry appears to rely on "mistake, inadvertence, surprise, or excusable neglect" under 60(b)(1) due to a Motion to Strike and Response allegedly not being filed by KDOC staff. (*See* Doc. 114 at ¶¶ 1-6.) Yet Sperry – by his own inaction – has so far failed to even mention any legal grounds in the alleged Motion to Strike and Response that would potentially merit a different judgment.

Further, as explained earlier in this Response, the evidence shows that Sperry has access to his legal files. He has failed on his own accord to provide a copy of the supposed Motion to Strike and Response or to explain at a high level how its arguments may justify reopening this case after final judgment. Even if he were to provide that at this point, his delay in doing so would be unreasonable under Rule 60(c), as it has been over three months since the June 16, 2023, extended deadline for his response (Doc. 109), and it has been about a month and a half since the first week of August 2023, when Sperry admits he knew the response had not been filed (Doc. 114 at ¶ 3). Because the evidence shows that Sperry has not gone more than a week without his legal files (Exhibit B at ¶¶ 3, 7), this means Sperry has delayed providing this information to the Court for over a month. Therefore, Sperry has failed to allege or establish

within a reasonable time any relevant mistake, inadvertence, surprise, or excusable neglect that would justify relieving him from the final judgment of this Court under Rule 60(b).

For these reasons, Defendants request that this Court deny Sperry's Motion to Alter or Amend Judgment.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of September, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all registered parties and interested parties, with a copy served by means of first-class mail, postage prepaid, addressed to:

Jeffrey J. Sperry, #47031
Wichita Work Release Facility
401 S. Emporia St.
Wichita, KS 67202
*Plaintiff, pro se*

/s/ Matthew L. Shoger
Matthew L. Shoger
Assistant Attorney General