IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

    **Plaintiff,**

    v.

LINDSEY WILDERMUTH, et al.,

    **Defendants.**

Case No. 16-3222-JAR

## MEMORANDUM AND ORDER

Plaintiff Jeffrey J. Sperry brought this action against various employees of the Kansas Department of Corrections ("KDOC"), asserting claims under 42 U.S.C. § 1983 relating to his incarceration. On August 2, 2023, this Court granted Defendants K. Lee, Bill Shipman, Hannah Booth, and Robert Sapien's renewed Motion for Summary Judgment on Plaintiff's sole remaining claim in this case alleging First Amendment retaliation and censorship of his mail.[1] Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 114). Defendants responded on September 20, 2023, making Plaintiff's Reply due on October 4, 2023.[2] Since no reply was filed and the time to do so has expired, the motion is ripe for decision, and the Court is prepared to rule. As described below, Plaintiff's motion to alter or amend is denied.

**I.    Background**

On December 30, 2020, the Honorable Sam A. Crow granted Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment and dismissed all of Plaintiff's claims asserted in the Amended Complaint.[3] On appeal, the Tenth Circuit Court of Appeals affirmed in

---

[1] Doc. 112.

[2] D. Kan. R. 6.1(d)(2).

[3] Doc. 63.

part and reversed in part, finding that two claims were plausible under Rule 12(b)(6): a claim against Defendants Lindsey Wildermuth and Andrew Lucht for retaliation through placement in administrative segregation; and a claim against Defendants Lee, Shipman, Booth, and Sapien for withholding from Plaintiff's mail several magazines, a book, and a photograph.[4]  The court explained that since "the district court did not rule on the defendants' alternative argument for summary judgment, the court should consider that argument on remand if appropriate," on these remaining two claims.[5]  This case was reassigned to the undersigned after remand.[6]

The remaining Defendants moved for summary judgment on the remanded claims, and this Court granted in part and denied in part.[7]  The Court granted the motion as to Defendants Wildermuth and Lucht on the retaliation claim related to Plaintiff's custody status.  The Court denied the motion without prejudice as to Defendants Lee, Shipman, Booth, and Sapien on the First Amendment claim.  In denying summary judgment on the First Amendment claim, the Court noted that the censored materials were not in the record, and there was no affidavit from any prison official explaining or describing their content in more than superficial terms.  Moreover, the Court explained that Defendants failed to address the applicable legal factors in their motion.

The remaining Defendants—Lee, Shipman, Booth, and Sapien—filed a renewed motion for summary judgment on the remaining First Amendment claim on April 26, 2023.[8]  Along with their motion, Defendants submitted the censored materials for in camera review,[9] attached a

---

[4] Doc. 73 at 2.

[5] *Id.* at 23 n.15.

[6] Doc. 81.

[7] Doc. 91.

[8] Doc. 93.

[9] Docs. 98–103.

2

declaration from KDOC Corrections Manager Darcie Holthaus about the KDOC's incoming mail policies in general and as applied to Plaintiff,[10] and addressed in their brief the issues the Court found lacking in their previous motion for summary judgment.

Plaintiff's response to Defendants' motion for summary judgment was due on June 16, 2023—a deadline that was set by presiding Magistrate Judge Teresa J. James at a May 2, 2023 telephonic status conference at which Plaintiff appeared pro se.[11]  Plaintiff did not file a response.  On August 2, 2023, the Court granted Defendants' motion in a twenty-two-page Memorandum and Order.[12]  The Court noted the rule that pro se litigants are expected to follow the rules of procedure, and that Defendants sent Plaintiff along with the motion a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," explaining Plaintiff's burdens under Federal Rule of Civil Procedure 56 and District of Kansas Local Rule 56.1.[13]

Nonetheless, the Court acknowledged that it could not grant the motion for summary judgment simply because it was uncontested.[14]  Instead, the Court applied Fed. R. Civ. P. 56(e), and deemed undisputed the facts presented in Defendants' summary judgment brief, to the extent they were supported by the record.[15]  The Court granted summary judgment on the following grounds: (1) Defendants Lee and Booth did not personally participate in the alleged constitutional violations; (2) there was an absence of evidence that Plaintiff was subjected to First Amendment retaliation; and (3) Defendants are entitled to qualified immunity on the First Amendment censorship claim.

---

[10] Doc. 94-1.

[11] Doc. 109.

[12] Doc. 112.

[13] *Id.* at 3; *see also* Doc. 95.

[14] Doc. 112 at 3.

[15] *Id.* at 3–4

3

**II.     Legal Standard**

Plaintiff states in his motion that he is moving "to alter or amend, or in the alternative . . . for relief from judgment under [R]ule 60."[16]  A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[17]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[18]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[19]  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[20]  Whether to grant a motion to reconsider is left to the Court's discretion.[21]

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[16] Doc. 114 ¶ 6.

[17] *Banister v. Davis*, 590 U.S.--, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[18] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[19] *Servants of the Paraclete*, 204 F.3d at 1012.

[20] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[21] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[22]

Like Rule 59(e), Rule 60 does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[23] The Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[24]

### III. Discussion

Plaintiff requests relief from the Court's summary judgment ruling because on June 10, 2023, he timely submitted for filing a response and motion to strike Defendants' motion for summary judgment to his Unit Team Counselor, but they were never filed with the Court. Plaintiff asks that the Court reinstate his case and permit him to file his response to the motion for summary judgment and his motion to strike. He does not attach to his motion to alter or amend the filings that he claims to have submitted in June for filing, but claims that he "should have them within the next couple of weeks, at which time, he will be able to resubmit his already timely submitted response to Defendants' third sequential motion for summary judgment."[25] Defendants oppose the motion because Plaintiff fails to establish any of the grounds for relief provided under Rules 59(e) or 60. The Court agrees.

---

[22] Fed. R. Civ. P. 60(b).

[23] *Servants of Paraclete*, 204 F.3d at 1012; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[24] *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[25] Doc. 114 ¶ 7.

5

A.     Rule 59(e)

The only possible basis for relief for Plaintiff under Rule 59(e) is to prevent manifest injustice.  "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'"[26]  One example of manifest injustice, is "where a pro se prisoner's civil rights claims are dismissed because of a procedural error beyond his control."[27]

Plaintiff claims that he tried to respond to the motion for summary judgment in June, but that the prison failed to file the response brief and motion to strike.  Accepting as true Plaintiff's representation that he prepared a response and a motion to strike that his Unit Team Counselor failed to file, this would be a procedural error outside of his control.  Yet, he fails to establish that his case was dismissed *because* his response and motion to strike were not filed.  The Court did not grant Defendants' summary judgment motion because Plaintiff failed to respond.  In fact, the Court cited authority from this Circuit that it may not summarily grant a motion for summary judgment on the sole basis that it is unopposed,[28] and proceeded to carefully consider the evidence and the applicable law in a twenty-two page Memorandum and Order.  The Court considered the evidence submitted by Defendants, including the five pieces of mail that Plaintiff claims were incorrectly censored, and the Court considered Plaintiff's Verified Complaint.  After discussing this evidence, the Court found no genuine issue of material fact under the applicable

---

[26] *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)).

[27] *Mills v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, No. 14-2408-KHV, 2015 WL 3503379, at *5 n.10 (D. Kan. June 3, 2015) (citations omitted).

[28] *See Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (citation omitted), *aff'd*, 233 F. App'x 815 (10th Cir. 2007).

law upon which a reasonable jury could find in favor of Plaintiff on his remaining First Amendment claim.

The Court also gives credence to Defendant's evidence that Plaintiff had and has access to his legal files such that he could have provided his response and motion to strike by now, so the Court could specifically assess how it may have impacted its August 2, 2023 summary judgment ruling. Plaintiff claims that when he learned during the first week of August of the Court's ruling, and that his June documents had not been filed, he was in a Work Release program in Wichita, where he did not have access to his legal materials. Defendants submit the declaration of Calvin Reams, who is the Deputy Warden at the Wichita Work Release Facility of the KDOC, where Plaintiff was transferred on August 8, 2023. According to Reams, Plaintiff has not been without his physical legal files "for more than a day or two" since his transfer.[29] Plaintiff stored some of his files on an unauthorized email account, but "he now has access to those files too."[30] As of September 15, 2023, Plaintiff told Reams that he "has all his legal work."[31] Yet, Plaintiff failed to submit any evidence of the filings he prepared in June to support the extreme relief he seeks in this case—an order vacating judgment.

To the extent Plaintiff suggests he would have successfully moved to strike Defendants' summary judgment motion because it was Defendants' "third sequential motion for summary judgment," he is mistaken. First, although Defendants moved for dismissal, or summary judgment in the alternative the first time, the Tenth Circuit remanded the case because Judge Crow's order ruling on that motion only considered it under Rule 12(b)(6), and not Rule 56. On remand, the Court expressly permitted Defendants to file a renewed summary judgment motion

---

[29] Doc. 115-2 ¶ 3.
[30] *Id.* ¶ 7.
[31] *Id.* ¶ 8.

"as to Plaintiff's two remaining claims" and "Defendants [were] granted until May 23, 2022, in which to file a motion for summary judgment as set forth herein."[32]

This Court granted in part and denied in part Defendants' second motion for summary judgment, explicitly providing that the denial was without prejudice.[33] The Court denied the motion on the basis that the record was insufficient. Denial without prejudice means that the moving party may refile. Nothing prevented Defendants from filing a third summary judgment motion; the Court's February 21, 2023 Memorandum and Order contemplated such a motion would be forthcoming. Had Plaintiff filed a motion to strike on the basis that a third motion for summary judgment was impermissible, the Court would have denied it.

In sum, the Court does not find that Plaintiff meets his burden of showing that it must vacate its August 2, 2023 Memorandum and Order in order to prevent manifest injustice. Accordingly, the Court denies his motion for relief under Rule 59(e).

### B.     Rule 60

Plaintiff does not specify the grounds upon which he moves under Rule 60. Liberally construing his motion, the Court will address subsections (b)(1) for excusable neglect, and (b)(6) for "any other reason that justifies relief."

#### 1.     Rule 60(b)(1)

Under Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."[34] Whether neglect is excusable is an equitable determination, taking into account all of the relevant circumstances, including the following relevant factors:

---

[32] Doc. 74 at 1.

[33] Doc. 91 at 15.

[34] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 394 (1993).

> "[T]he danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  An additional consideration is whether the moving party's underlying claim is meritorious.[35]

The Court cannot find that relief is warranted here on the basis of excusable neglect.  Even if Plaintiff can show excusable neglect in failing to comply with his June deadline to respond to the summary judgment motion, he has not shown excusable neglect for failing to come forward with a response to that motion by now.  According to Plaintiff's motion, he has been aware of the Court's ruling, and the fact that his response and motion to strike were not filed in June, since the first week of August.  Yet, more than two months have passed and Plaintiff still fails to submit the unfiled documents to the Court for review.[36]  He states in his motion that when he thought he filed the documents in June, his Unit Team Counselor returned them to him.[37]  Reams' Declaration establishes that Plaintiff has had access to his physical legal materials since he was transferred to the Wichita Work Release program, and that he was not without his electronic records for more than a week since that time, and now has access to them.[38]  Therefore, his failure to file these documents since early August is not due to lack of access.

---

[35] *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) (footnote omitted) (alterations in original) (citations omitted) (first quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 395; and then quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[36] *Id.* at 857 ("A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." (citation omitted)).  The Court notes that this is not the first time that Plaintiff has failed to file a timely response to a dispositive motion in this case.  *See* Doc. 91 at 4–5; Doc. 63 at 2.

[37] Doc. 114 ¶ 2.

[38] Doc. 115-2 ¶ 7.

In addition, the Court considers prejudice to Defendants if the Court grants Plaintiff the relief he seeks and vacates its ruling. Defendants would be required to file a belated reply brief on a matter they considered closed two months ago, and spend another period of time waiting on the Court's decision. The impact on the judicial proceedings and length of delay also weighs against an excusable neglect finding. The Court waited for approximately six weeks after Plaintiff's response deadline elapsed to rule on the summary judgment motion. And, while his motion to alter or amend is timely,[39] Plaintiff waited more than three weeks to alert the Court that he tried to file documents opposing summary judgment. Finally, the Court considers whether Plaintiff's claim that was disposed of in the summary judgment order was meritorious. For the many considered reasons explained in that order, it was not. Under these circumstances, the Court does not find excusable neglect warrants vacating the judgment in this case.

### 2. Rule 60(b)(6)

The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[40] But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[41] Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[42]

The Court is unable to find that events took place after the entry of judgment that render its enforcement inequitable. For all the reasons already discussed, Plaintiff fails to demonstrate extraordinary circumstances that would justify vacating judgment in this matter.

---

[39] *See* Fed. R. Civ. P. 59(e).

[40] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[41] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[42] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

Case 5:16-cv-03222-JAR-TJJ   Document 116   Filed 10/17/23   Page 11 of 11

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 114) is **denied**.

**IT IS SO ORDERED.**

Dated: October 17, 2023

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE